# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>MASSACHUSETTS FOOD COUNCIL,<br>INC., *et al.*,<br>        Defendants. | Civil Action No. 1592 |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>NATIONAL UNIT DISTRIBUTORS, INC.,<br>*et al.*,<br>        Defendants. | Civil Action No. 2514 |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>GRINDING WHEEL MANUFACTURERS<br>ASSOCIATION, *et al.*,<br>        Defendants. | Civil No. 6636 |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>BOSTON FRUIT & PRODUCE<br>EXCHANGE, *et al.*,<br>        Defendants. | Civil No. 7734 |

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                         Civil Action No. 4029

WOMEN'S SPORTSWEAR
MANUFACTURERS ASSOCIATION, *et al.*,
Defendants.

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                         Civil Action No. 8119

MINNESOTA MINING AND
MANUFACTURING COMPANY, *et al.*,
Defendants.

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                         Civil Action No. 6070

BOSTON MARKET TERMINAL CO., *et al.*,
Defendants.

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                         Civil Action No. 7866

H. P. HOOD & SONS, INC., *et al.*,
Defendants.

UNITED STATES OF AMERICA,
           Plaintiff,

       v.                                 Civil Action No. 7198

UNITED SHOE MACHINERY
CORPORATION,
           Defendant.

---

UNITED STATES OF AMERICA,
           Plaintiff,

       v.                                 Civil Action No. 55-544-M

LAWRENCE FUEL OIL INSTITUTE, INC.,
*et al.*,
           Defendants.

---

UNITED STATES OF AMERICA,
           Plaintiff,

       v.                                 Civil Action No. 55-586-W

LOWELL FUEL OIL DEALER
ASSOCIATES, INC., *et al.*,
           Defendants.

---

UNITED STATES OF AMERICA,
           Plaintiff,

       v.                                 Civil Action No. 55-532-S

HAVERHILL FUEL OIL DEALERS'
ASSOCIATION, *et al.*,
           Defendants.

UNITED STATES OF AMERICA,
            Plaintiff,


            v.                                    Civil Action No. 56-295 W


GOLD FILLED MANUFACTURERS
ASSOCIATION, INC., *et al.*,
            Defendants.


UNITED STATES OF AMERICA,
            Plaintiff,


            v.                                    Civil Action No. 57-631-A


NEW ENGLAND CONCRETE PIPE
CORPORATION, *et al.*,
            Defendants.


UNITED STATES OF AMERICA,
            Plaintiff,


            v.                                    Civil Action No. 57-216-S


CONCRETE FORM ASSOCIATION OF
CENTRAL NEW ENGLAND, *et al.*,
            Defendants.


UNITED STATES OF AMERICA,
            Plaintiff,


            v.                                    Civil Action No. 58-567-A


WHITIN BUSINESS EQUIPMENT
CORPORATION,
            Defendant.

UNITED STATES OF AMERICA,
                    Plaintiff,

                    v.                                    Civil Action No. 59-786-W

THE LAKE ASPHALT AND PETROLEUM
CO. OF MASSACHUSETTS, *et al.*,
                    Defendants.

---

UNITED STATES OF AMERICA,
                    Plaintiff,

                    v.                                    Civil Action No. 59-784-S

ALLIED CHEMICAL CORP., *et al.*,
                    Defendants.

---

UNITED STATES OF AMERICA,
                    Plaintiff,

                    v.                                    Civil Action No. 59-785-M

BITUMINOUS CONCRETE ASSN., INC., *et
al.*,
                    Defendants.

---

UNITED STATES OF AMERICA,
                    Plaintiff,

                    v.                                    Civil Action No. 62-482-F

ALLIED APPLIANCE CO.,
                    Defendant.

UNITED STATES OF AMERICA,
            Plaintiff,

                  v.                              Civil Action No. 70-1807-M

ASIATIC PETROLEUM CORPORATION,
*et al.*,
                  Defendants.

---

UNITED STATES OF AMERICA,
            Plaintiff,

                  v.                              Civil Action No. 72-2075-J

CONVERSE RUBBER CORPORATION, *et
al.*,
                  Defendants.

---

UNITED STATES OF AMERICA,
            Plaintiff,

                  v.                              Civil Action No. 68-213-S

CITIES SERVICE CO., *et al.*,
                  Defendants.

---

UNITED STATES OF AMERICA,
            Plaintiff,

                  v.                              Civil Action No. 68-141-G

THE GILLETTE COMPANY,
                  Defendant.

## THE UNITED STATES' MOTION TO
## TERMINATE LEGACY ANTITRUST JUDGMENTS

The United States moves to terminate the judgments in each of the above-captioned

antitrust cases pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The United States

has concluded that because of their age and changed circumstances since their entry, these

judgments—which were entered from 43 to 77 years ago—no longer serve to protect competition. The United States gave the public notice and the opportunity to comment on its intent to seek termination of the judgments; it received no comments opposing termination. For these and other reasons explained below, the United States requests that these judgments be terminated.

## I.       BACKGROUND

From 1890, when the antitrust laws were first enacted, until the late 1970s, the United States frequently sought entry of antitrust judgments whose terms never expired.[1] Such perpetual judgments were the norm until 1979, when the Antitrust Division of the United States Department of Justice ("Antitrust Division") adopted the practice of including a term limit of ten years in nearly all of its antitrust judgments. Perpetual judgments entered before the policy change, however, remain in effect indefinitely unless a court terminates them. Although a defendant may move a court to terminate a perpetual judgment, few defendants have done so. There are many possible reasons for this, including that defendants may not have been willing to bear the costs and time resources to seek termination, defendants may have lost track of decades-old judgments, individual defendants may have passed away, or firm defendants may have gone out of business. As a result, hundreds of these legacy judgments remain open on the dockets of courts around the country. Originally intended to protect the loss of competition arising from violations of the antitrust laws, none of these judgments likely continues to do so because of changed circumstances.

---

[1] The primary antitrust laws are the Sherman Act, 15 U.S.C. §§ 1–7, and the Clayton Act, 15 U.S.C. §§ 12–27. The judgments the United States seeks to terminate with the accompanying motion concern violations of these two laws.

The Antitrust Division recently implemented a program to review and, when appropriate, seek termination of legacy judgments. The Antitrust Division's Judgment Termination Initiative encompasses review of all its outstanding perpetual antitrust judgments. The Antitrust Division described the initiative in a statement published in the Federal Register.[2] In addition, the Antitrust Division established a website to keep the public apprised of its efforts to terminate perpetual judgments that no longer serve to protect competition.[3] The United States believes that its outstanding perpetual antitrust judgments presumptively should be terminated; nevertheless, the Antitrust Division examined each judgment covered by this motion to ensure that it is suitable for termination. The Antitrust Division also gave the public notice of—and the opportunity to comment on—its intention to seek termination of these judgments.

In brief, the process by which the United States has identified judgments it believes should be terminated is as follows:[4]

- The Antitrust Division reviewed its perpetual judgments entered by this Court to identify those that no longer serve to protect competition such that termination would be appropriate.

- When the Antitrust Division identified a judgment it believed suitable for termination, it posted the name of the case and a link to the judgment on its public judgment termination initiative website, https://www.justice.gov/atr/JudgmentTermination.

- The public had the opportunity to submit comments regarding each proposed termination to the Antitrust Division within thirty days of the date the case name and judgment link was posted to the public website.

---

[2] Department of Justice's Initiative to Seek Termination of Legacy Antitrust Judgments, 83 Fed. Reg. 19,837 (May 4, 2018), https://www.gpo.gov/fdsys/granule/FR-2018-05-04/2018-09461.

[3] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/ JudgmentTermination (last updated May 21, 2019).

[4] The United States followed this process to move several other district courts to terminate legacy antitrust judgments. *E.g.*, *In re: Termination of Legacy Antitrust Judgments*, Case 1:19-mc-00007 (D.R.I. Mar. 25, 2019) (terminating seven judgments); *In Re: Motion to Terminate Legacy Antitrust Judgments*, Case 3:19-mc-00031 (N.D. Tex. May 10, 2019) (terminating six judgments); *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination (last updated May 21, 2019) (collecting similar orders from at least 27 other Districts).

- Following review of public comments, the Antitrust Division identified those judgments it still believed warranted termination, and the United States is now moving for this Court to terminate them.

The remainder of this memorandum is organized as follows: Section II describes the Court's jurisdiction to terminate the judgments in the above-captioned cases. Section III explains that perpetual judgments rarely serve to protect competition and those that are more than ten years old should be terminated absent compelling circumstances. The section also describes the additional reasons that the United States believes each of the judgments should be terminated. Section IV concludes. Exhibit A attaches a copy of each final judgment that the United States seeks to terminate. Exhibit B summarizes the terms of each judgment and the United States' reasons for seeking termination. Finally, Exhibit C is a proposed order terminating the final judgments.

## II.    APPLICABLE LEGAL STANDARDS FOR TERMINATING THE JUDGMENTS

This Court has jurisdiction to terminate the judgments in the above-captioned cases. Each judgment, a copy of which is included in Exhibit A, provides that the Court retains jurisdiction.[5] In addition, the Federal Rules of Civil Procedure grant the Court authority to terminate each judgment. Rule 60(b)(5) and (b)(6) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . (5) [when] applying it prospectively is no longer equitable; or (6) for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6); *accord Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004) (explaining that Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances" and that "district courts should apply a 'flexible standard' to the modification of consent decrees when a significant change in facts or law warrants their amendment"); *Giroux v.*

---

[5] For each judgment, Exhibit B identifies the portion of judgment that retains jurisdiction.

*Fed. Nat'l Mortg. Ass'n*, 810 F.3d 103, 108 (1st Cir. 2016) ("Rule 60(b)(6) is a catch-all provision that authorizes the district court to grant relief from judgment for any other reason that justifies relief.").

Given its jurisdiction and its authority, the Court may terminate each judgment for any reason that justifies relief, including that the judgments no longer serve their original purpose of protecting competition.[6] Termination of these judgments is warranted.

## III.   ARGUMENT

It is appropriate to terminate the perpetual judgments in each of the above-captioned cases because they no longer continue to serve their original purpose of protecting competition. The United States believes that the judgments presumptively should be terminated because their age alone suggests they no longer protect competition. Other reasons, however, also weigh in favor of terminating these judgments, including that the defendants likely no longer exist and terms of the judgment merely prohibit that which the antitrust laws already prohibit. Under such circumstances, the Court may terminate the judgments pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure.

### A.   The Judgments Presumptively Should Be Terminated Because of Their Age

Permanent antitrust injunctions rarely serve to protect competition. The experience of the United States in enforcing the antitrust laws has shown that markets almost always evolve over time in response to competitive and technological changes. These changes may make the prohibitions in decades-old judgments either irrelevant to, or inconsistent with, competition. The

---

[6] In light of the circumstances surrounding the judgments for which it seeks termination, the United States does not believe it is necessary for the Court to make an extensive inquiry into the facts of each judgment to terminate them under Fed. R. Civ. P. 60(b)(5) or (b)(6). All of these judgments would have terminated long ago if the Antitrust Division had the foresight to limit them to ten years in duration as under its policy adopted in 1979. Moreover, the passage of decades and changed circumstance since their entry, as described in this memorandum, means that it is likely that the judgments no longer serve their original purpose of protecting competition.

development of new products that compete with existing products, for example, may render a market more competitive than it was at the time of entry of the judgment or may even eliminate a market altogether, making the judgment irrelevant. In some circumstances, a judgment may be an impediment to the kind of adaptation to change that is the hallmark of competition, undermining the purposes of the antitrust laws. These considerations, among others, led the Antitrust Division in 1979 to establish its policy of generally including in each judgment a term automatically terminating the judgment after no more than ten years.[7]

The judgments in the above-captioned matters—all of which are decades old—presumptively should be terminated for the reasons that led the Antitrust Division to adopt its 1979 policy of generally limiting judgments to a term of ten years. There are no affirmative reasons for the judgments to remain in effect; indeed, there are additional reasons for terminating them.

### B.      The Judgments Should Be Terminated Because They Are Unnecessary

In addition to age, other reasons weigh heavily in favor of terminating the judgments. These reasons include: (1) all terms of the judgment have been satisfied, (2) most defendants likely no longer exist, (3) the judgment largely prohibits that which the antitrust laws already prohibit, and (4) the judgment concerns expired patents. Each of these reasons suggests the judgments no longer serve to protect competition. In this section, this motion describes these additional reasons and identifies those judgments that are worthy of termination for each reason. Exhibit B summarizes the key terms of each judgment and the reasons to terminate it.

---

[7] U.S. DEP'T OF JUSTICE, ANTITRUST DIVISION MANUAL at III-147 (5th ed. 2008), https://www.justice.gov/atr/division-manual.

1.     All Terms of the Judgment Have Been Satisfied

The Antitrust Division has determined that the terms of the judgments in *United States v. Asiatic Petroleum Corp.*, Civil Action No. 70-1807-M; *United States v. Converse Rubber Corp.*, Civil Action No. 72-2075-J; *United States v. Cities Service Co.*, Civil Action No. 68-213-S; and *United States v. The Gillette Co.*, Civil Action No. 68-141-G, have been satisfied such that termination is appropriate. The *Asiatic* judgment (which concerned distillate and residual fuel oil), the *Converse* judgment (which concerned canvas–rubber footwear), the *Cities Service* judgment (which concerned retail-outlet gasoline), and *The Gillette* judgment (which concerned electric shavers) required divestitures. The judgments also included various time-limited provisions protecting the independence and viability of the divested companies.

Because the required divestitures took place years ago, and because all other substantive terms of the judgments were satisfied or expired with divestiture or within a limited number of years of divestiture, these judgments have been satisfied in full. Termination in these cases is a housekeeping action that has no implication for competition: it will allow the Court to clear its docket of judgments that should have been terminated long ago but for the failure to include a term automatically terminating it upon satisfaction of its substantive terms.

2.     Most Defendants Likely No Longer Exist

The Antitrust Division believes that most, if not all, the defendants in the following cases brought by the United States likely no longer exist:

- *United States v. Mass. Food Council, Inc.*, Civil Action No. 1592
- *United States v. Women's Sportswear Mfrs. Ass'n*, Civil Action No. 4029
- *United States v. Lawrence Fuel Oil Inst., Inc.*, Civil Action No. 55-544-M
- *United States v. Lowell Fuel Oil Dealer Assocs.*, Civil Action No. 55-586-W
- *United States v. Haverhill Fuel Oil Dealers' Ass'n*, Civil Action No. 55-532-S
- *United States v. Concrete Form Ass'n of Central New Eng.*, Civil Action No. 57-216-S

The most recent of these judgments is more than 60 years old. With the passage of time, most of the defendants in these actions have likely have gone out of existence. To the extent that defendants no longer exist, the related judgment serves no purpose, which is an additional reason to terminate these judgments.

### 3.   Terms of the Judgment Prohibit Acts Already Prohibited by Law

The Antitrust Division has determined that the core provisions of the judgments in the following cases merely prohibit acts that are illegal under the antitrust laws, such as price fixing, market allocation, bid rigging, and group boycott:

- *United States v. Mass. Food Council, Inc.*, Civil Action No. 1592 (price fixing)
- *United States v. Grinding Wheel Mfrs. Ass'n*, Civil No. 6636 (price fixing and allocating markets)
- *United States v. Bos. Fruit & Produce Exch.*, Civil No. 7734 (price fixing)
- *United States v. Women's Sportswear Mfrs. Ass'n*, Civil Action No. 4029 (price fixing)
- *United States v. Lawrence Fuel Oil Inst., Inc.*, Civil Action No. 55-544-M (price fixing and group boycott)
- *United States v. Lowell Fuel Oil Dealer Assocs.*, Civil Action No. 55-586-W (price fixing and group boycott)
- *United States v. Haverhill Fuel Oil Dealers' Ass'n*, Civil Action No. 55-532-S (price fixing and group boycott)
- *United States v. Gold Filled Mfrs. Ass'n*, Civil Action No. 56-295 W (price fixing)
- *United States v. New Eng. Concrete Pipe Corp.*, Civil Action No. 57-631-A (price fixing, market allocation, bid rigging, and group boycott)
- *United States v. Concrete Form Ass'n of Central New Eng.*, Civil Action No. 57-216-S (price fixing and bid rigging)
- *United States v. Whitin Bus. Equip. Corp.*, Civil Action No. 58-567-A (price fixing and market allocation)
- *United States v. The Lake Asphalt & Petroleum Co. of Mass.*, Civil Action No. 59-786-W (price fixing, market allocation, and rigging bids)
- *United States v. Allied Chemical Corp.*, Civil Action No. 59-784-S (price fixing, market allocation, and rigging bids)
- *United States v. Bituminous Concrete Assn.*, Civil Action No. 59-785-M (price fixing, market allocation, and rigging bids)
- *United States v. Allied Appliance Co.*, Civil Action No. 62-482-F (price fixing and group boycott)

These terms amount to little more than an admonition that defendants must not violate the law. Absent such terms, defendants who engage in the type of behavior prohibited by these judgments still face the possibility of imprisonment, significant criminal fines, and treble damages in private follow-on litigation. To the extent these judgments include terms that do little to deter anticompetitive acts, they serve no purpose and there is reason to terminate them.

### 4.   Terms of the Judgment Concern Expired Patents

Finally, the judgment in *United States v. Minnesota Mining & Manufacturing Co.*, Civil Action No. 8119, should be terminated because it concerns outdated patents. Because the judgment is more than 68 years old, any relevant patents would have expired long ago. As a result, the judgment has become obsolete, justifying its termination.

### C.      There Has Been No Public Opposition to Termination

The United States has provided adequate notice to the public regarding its intent to seek termination of the judgments. On April 25, 2018, the Antitrust Division issued a press release announcing its efforts to review and terminate legacy antitrust judgments.[8] A few months later, the Antitrust Division listed the judgments in the above-captioned cases on its public website, describing its intent to move to terminate the judgments.[9] The notice identified each case, linked to the judgment, and invited public comment. No comments were received.

---

[8] Press Release, *Department of Justice Announces Initiative to Terminate "Legacy" Antitrust Judgments*, U.S. DEP'T OF JUSTICE (April 25, 2018), https://www.justice.gov/opa/pr/department-justice-announces-initiative-terminate-legacy-antitrust-judgments.

[9] *Judgment Termination Initiative*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/JudgmentTermination (last updated May 21, 2019); *Judgment Termination Initiative: Massachusetts District*, U.S. DEP'T OF JUSTICE, https://www.justice.gov/atr/judgment-termination-initiative-massachusetts-district (last updated Nov. 2, 2018).

## IV. CONCLUSION

For the foregoing reasons, the United States believes termination of the judgments in each of the above-captioned cases is appropriate, and respectfully requests that the Court enter an order terminating them. A proposed order terminating the judgments in the above-captioned cases is attached as Exhibit C.

Respectfully submitted,

Dated: May 21, 2019

R. Cameron Gower (NY Bar No. 5229943)
United States Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 286-0159
Email: richard.gower@usdoj.gov