**EXHIBIT B:**

**SUMMARY OF REASONS FOR TERMINATING EACH JUDGMENT**

**(Ordered by Year Judgment Entered)**

**UNITED STATES v. MASSACHUSETTS FOOD COUNCIL, INC., ET AL.**
Civil Action No. 1592

Year Judgment Entered: 1941

Section of Judgment Retaining Jurisdiction: Section VIII

Description of Judgment: Concerning retail and wholesale grocery products, this judgment's most notable provisions prohibited the defendants from fixing prices.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing).

Public Comments: None

**UNITED STATES v. NATIONAL UNIT DISTRIBUTORS, INC., ET AL.**
Civil Action No. 2514

<u>Year Judgment Entered</u>: 1943

<u>Section of Judgment Retaining Jurisdiction</u>: Section V

<u>Description of Judgment</u>: In this judgment, defendant distributors of dinnerware were enjoined from, among other things, fixing prices; securing certain exclusive distribution and advertising rights; agreeing not to advertise for any other person; entering into any agreement not to compete; coercing any person to deal or refrain from dealing with any other person; threatening or maintaining any suit based on a claim of exclusive right to any method of distributing dinnerware; and claiming that any copyright includes an exclusive right to use any method of distributing dinnerware.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.

<u>Public Comments</u>: None

**UNITED STATES v. GRINDING WHEEL MANUFACTURERS ASSOCIATION, ET AL.**
Civil No. 6636

Year Judgment Entered: 1947

Section of Judgment Retaining Jurisdiction: Section X

Description of Judgment: Issued against five manufacturers of abrasive devices and an association of manufacturers, this judgment orders dissolution of the association; requires each defendant to revise its price lists individually; and prohibits any agreements among manufacturers fixing prices, discounts, or other terms of sale, or establishing classifications of customers.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing and market allocation).

Public Comments: None

## UNITED STATES v. BOSTON FRUIT & PRODUCE EXCHANGE, ET AL.
Civil No. 7734

Year Judgment Entered: 1949

Section of Judgment Retaining Jurisdiction: Section XVI

Description of Judgment: Issued against egg wholesalers, a produce exchange, and their associations, this judgment prohibits price fixing, limits the type of information that the exchange and market reporters can disseminate, limits the kind of data to be supplied by dealers to market reporters and analysts, and prohibits the sale of eggs by the use of formulas based upon a premium or discount above or below high or low market reports or averages thereof. The judgment also required the exchange to adopt regulations aligned with certain provisions of the decree.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

Public Comments: None

**UNITED STATES v. WOMEN'S SPORTSWEAR MANUFACTURERS ASSOCIATION, ET AL.**
Civil Action No. 4029

Year Judgment Entered: 1950

Description of Judgment: Concerning women's sportswear, this judgment nullifies an unlawful contract entered into on October 17, 1944; prohibits exclusive servicing agreements for stitching; and prohibits price fixing for stitching.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing).

Public Comments: None

**UNITED STATES v. MINNESOTA MINING AND MANUFACTURING COMPANY, ET AL.**
Civil Action No. 8119

<u>Year Count 2 Judgment Entered</u>: 1950

<u>Year Count 1 Judgment Entered</u>: 1950

<u>Paragraph of Count 2 Judgment Retaining Jurisdiction</u>: Paragraph 12

<u>Section of Count 1 Judgment Retaining Jurisdiction</u>: Section XII

<u>Description of Judgments</u>: Concerning abrasives, the Count 2 judgment declared certain patent and other agreements unlawful; nullified the agreements; and prohibited continuing or renewing the agreements. The judgment also, among other things, ordered the dissolution of one defendant and prohibited certain price discrimination. The Count 1 judgment ordered the unwinding of a patent pooling arrangement and required the defendants to license the relevant patents on fair terms without discrimination thereafter.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.
- Patents at issue have expired.

<u>Public Comments</u>: None

**UNITED STATES v. BOSTON MARKET TERMINAL CO., ET AL.**
Civil Action No. 6070

Year First Final Judgment Entered: 1951

Year Second Final Judgment Entered: 1953

Section of First Final Judgment Retaining Jurisdiction: Section XIII

Section of Second Final Judgment Retaining Jurisdiction: Section XIII

Description of Judgment: Under this judgment, a fruit and vegetable terminal is enjoined, with limited exceptions, from refusing to admit as a member any person desiring to act as a receiver; enjoined from acting as a receiver or engaging in any business activity other than that presently conducted by it; and ordered to cancel a provision of a lease contract with a railroad and to make every reasonable effort to maintain space and facilities on property of the railroad adequate to accommodate additional members. The members of the terminal are enjoined from entering into any agreement to use or refrain from using any specified type of transportation. The terminal and its members are enjoined from requiring any member to direct the shipment of any produce of the members to the terminal, restraining the right of any member to engage in any type of business activity outside the terminal, and requiring the payment by any member of any charge that is discriminatory in favor of one member against another; from entering into any understanding with any person not a member having the effect of fixing any of the rules or practices of the members of the terminal; from adopting any rules that have the effect of restricting the right of any member to receive, sell, or ship by truck; and from entering into any understanding that has the effect of restraining the right of any member to use any type of transportation, giving any such person any control in the operations of the terminal or its members, and subjecting the terminal or its members to any charge for using or to refrain them from using any particular type of transportation.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.

Public Comments: None

**UNITED STATES v. H. P. HOOD & SONS, INC., ET AL.**
Civil Action No. 7866

<u>Year Final Judgment Entered</u>: 1952

<u>Year Order Modifying Judgment Entered</u>: 1973

<u>Section of Final Judgment Retaining Jurisdiction</u>: Section IX

<u>Page of Order Modifying Judgment Retaining Jurisdiction</u>: Page 1

<u>Description of Judgment</u>: This judgment's most notable substantive provisions cancelled two contracts, required a corporate defendant to divest several country milk receiving stations, and prohibited various means of the corporate defendant and its owner opening another country milk receiving station.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.

<u>Public Comments</u>: None

## UNITED STATES v. UNITED SHOE MACHINERY CORPORATION
Civil Action No. 7198

<u>Year Final Decree Entered</u>: 1953

<u>Year Supplemental Judgment Entered</u>: 1969

<u>Year First Order Entered</u>: 1975

<u>Year Second Order Entered</u>: 1975

<u>Paragraph of Final Decree Retaining Jurisdiction</u>: Paragraph 23

<u>Section of Supplemental Judgment Retaining Jurisdiction</u>: Section XIII

<u>Description of Judgment</u>: This judgment contains many substantive provisions regarding shoe machines, including a requirement that the defendant divest itself of specified shoe machine assets to an eligible purchaser in a specified manner. Due to automatic termination clauses in the supplemental judgment, the only remaining provisions are in the 1975 orders, which perpetually prohibit the defendant and any entity owning more than 1,000 shares of the defendant from acquiring the assets that the shoe-machine assets that the defendant was required to divest.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.

<u>Public Comments</u>: None

**UNITED STATES v. LAWRENCE FUEL OIL INSTITUTE, INC., ET AL.**
Civil Action No. 55-544-M

<u>Year Judgment Entered</u>: 1955

<u>Section of Judgment Retaining Jurisdiction</u>: Section VIII

<u>Description of Judgment</u>: Concerning fuel oil, this judgment's most notable provisions prohibited the defendants (including 12 individuals) from fixing prices or group boycotting.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing and group boycott).

<u>Public Comments</u>: None

**UNITED STATES v. LOWELL FUEL OIL DEALER ASSOCIATES, INC., ET AL.**
Civil Action No. 55-586-W

Year Judgment Entered: 1955

Section of Judgment Retaining Jurisdiction: Section VIII

Description of Judgment: Concerning fuel oil, this judgment's most notable provisions
prohibited the defendants (including seven individuals) from fixing prices or group boycotting.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing and group
  boycott).

Public Comments: None

**UNITED STATES v. HAVERHILL FUEL OIL DEALERS' ASSOCIATION, ET AL.**
Civil Action No. 55-532-S

Year Judgment Entered: 1956

Section of Judgment Retaining Jurisdiction: Section VIII

Description of Judgment: Concerning fuel oil, this judgment's most notable provisions prohibited the defendants (including five individuals) from fixing prices or group boycotting.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing and group boycott).

Public Comments: None

**UNITED STATES v. GOLD FILLED MANUFACTURERS ASSOCIATION, INC., ET AL.**
Civil Action No. 56-295 W

<u>Year Judgment Entered</u>: 1957

<u>Section of Judgment Retaining Jurisdiction</u>: Section X

<u>Description of Judgment</u>: Concerning gold filled and rolled gold plate sheet, wire, and tubing, this judgment's most notable provisions prohibited the defendants from fixing prices.

<u>Reasons Judgment Should Be Terminated</u>:

- Judgment more than ten years old.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing).

<u>Public Comments</u>: None

**UNITED STATES v. NEW ENGLAND CONCRETE PIPE CORPORATION, ET AL.**
Civil Action No. 57-631-A

Year First Final Judgment Entered: 1957

Year Second Final Judgment Entered: 1959

Section of First Final Judgment Retaining Jurisdiction: Section X

Section of Second Final Judgment Retaining Jurisdiction: Section XIII

Description of Judgments: Concerning concrete pipe, these judgments' most notable provisions prohibited the defendants from fixing prices, allocating markets, rigging bids, and group boycotting. The judgments also nullified several contracts and prohibited any future contracts that bestowed certain exclusive manufacturing rights.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing, market allocation, bid rigging, group boycott).

Public Comments: None

**UNITED STATES v. CONCRETE FORM ASSOCIATION OF CENTRAL NEW ENGLAND, ET AL.**
Civil Action No. 57-216-S

Year Judgment Entered: 1958

Section of Judgment Retaining Jurisdiction: Section IX

Description of Judgment: In this judgment, a regional trade association of concrete form suppliers and contractors, two contracting firms, and four individuals who had been officers, directors, or committee members of the association were prohibited from fixing prices or rigging bids for concrete form work. In addition, the judgment ordered the dissolution of the trade association.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Most defendants likely no longer exist.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing and bid rigging).

Public Comments: None

**UNITED STATES v. WHITIN BUSINESS EQUIPMENT CORPORATION**
Civil Action No. 58-567-A

Year Judgment Entered: 1960

Section of Judgment Retaining Jurisdiction: Section IX

Description of Judgment: In this judgment, a manufacturer of rotary offset duplicating machines was prohibited from price fixing, allocating markets, and restricting imports and exports.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms largely prohibit acts the antitrust laws already prohibit (price fixing and market allocation).

Public Comments: None

**UNITED STATES v. THE LAKE ASPHALT AND PETROLEUM CO. OF
MASSACHUSETTS, ET AL.**
Civil Action No. 59-786-W

Year Final Judgment Entered: 1960

Year Final Judgment Against Koppers Co. Entered: 1960

Year Final Judgment Against Allied Chemical Corp. Entered: 1960

Section of Final Judgment Retaining Jurisdiction: Section IX

Section of Final Judgment Against Koppers Co. Retaining Jurisdiction: Section IX

Section of Final Judgment Against Allied Chemical Corp. Retaining Jurisdiction: Section IX

Description of Judgments: In these judgments, sellers of asphalt were prohibited from making or
influencing noncompetitive bids, quotations, prices, contract conditions, or sales; from allocation
of territories or customers; from refraining or inducing others to refrain from bidding; and from
exchanging information about prices or bids.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing, market
  allocation, and rigging bids).

Public Comments: None

**UNITED STATES v. ALLIED CHEMICAL CORP., ET AL.**
Civil Action No. 59-784-S

Year Final Judgment Entered: 1960

Year Stipulation Modifying Final Judgment Against Defendant Allied Chemical Corporation
    Entered: 1961

Year Stipulation Modifying Final Judgment as to Defendant Koppers Company Entered: 1961

Section of Final Judgment Retaining Jurisdiction: Section IX

Description of Judgment: In this judgment, vendors of road tar have been prohibited from
influencing or suggesting noncompetitive pricing; from entering into agreements or
understandings regarding price fixing, allocation of territories or customers, refraining from
bidding, or submitting noncompetitive bids; from exchanging price information, except in
connection with good faith negotiations between vendors; and from exchanging or disclosing
information regarding bids or bidding intentions.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing, market
  allocation, and rigging bids).

Public Comments: None

**UNITED STATES v. BITUMINOUS CONCRETE ASSN., INC., ET AL.**
Civil Action No. 59-785-M

Year Judgment Entered: 1960

Section of Judgment Retaining Jurisdiction: Section X

Description of Judgment: In this judgment, sellers of bituminous concrete and a trade association were prohibited from making or influencing noncompetitive bids, quotations, prices, or sales; from allocation of territories or customers; from refraining or inducing others to refrain from bidding; and from exchanging information about prices or bids.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing, market allocation, and rigging bids).

Public Comments: None

**UNITED STATES v. ALLIED APPLIANCE CO.**
Civil Action No. 62-482-F

Year Judgment Entered: 1962

Section of Judgment Retaining Jurisdiction: Section IX

Description of Judgment: This judgment prohibited a wholesaler from entering into any agreement with retail customers fixing prices, profit margins, or other terms for the sale of electrical appliances to third persons, or boycotting any retail customer. Also, the judgment prohibited the wholesaler from refusing to sell appliances to any customer because of the customer's refusal to agree or adhere to any prohibited agreement.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- Judgment terms prohibit acts the antitrust laws already prohibit (price fixing and group boycott).

Public Comments: None

**UNITED STATES v. ASIATIC PETROLEUM CORPORATION, ET AL.**
Civil Action No. 70-1807-M

Year Judgment Entered: 1971

Section of Judgment Retaining Jurisdiction: Section VIII

Description of Judgment: Concerning distillate and residual fuel oil, this judgment required a divestiture. The judgment also included various time-limited provisions protecting the independence and viability of the divested company.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- All substantive terms of judgment have been satisfied.

Public Comments: None

**UNITED STATES v. CONVERSE RUBBER CORPORATION; ELTRA CORPORATION, ET AL.**
Civil Action No. 72-2075-J

Year Judgment Entered: 1972

Section of Judgment Retaining Jurisdiction: Section VII

Description of Judgment: Concerning canvas–rubber footwear, this judgment required a divestiture. The judgment also included various time-limited provisions protecting the independence and viability of the divested company.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- All substantive terms of judgment have been satisfied.

Public Comments: None

**UNITED STATES v. CITIES SERVICE CO., ET AL.**
Civil Action No. 68-213-S

Year Judgment Entered: 1975

Section of Judgment Retaining Jurisdiction: Section XII

Description of Judgment: Concerning retail-outlet gasoline, this judgment required a divestiture. The judgment also included various time-limited provisions protecting the independence and viability of the divested company.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- All substantive terms of judgment have been satisfied.

Public Comments: None

**UNITED STATES v. THE GILLETTE COMPANY**
Civil Action No. 68-141-G

Year Judgment Entered: 1975

Section of Judgment Retaining Jurisdiction: Section XVI

Description of Judgment: Concerning electric shavers, this judgment required a divestiture. The judgment also included various time-limited provisions protecting the independence and viability of the divested company.

Reasons Judgment Should Be Terminated:

- Judgment more than ten years old.
- All substantive terms of judgment have been satisfied.

Public Comments: None